RECEIVED

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MAR 1 3 2008
Mar 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

LARRY ORUZA )
_____ )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
)
v. )
Continental Airport Express )
_____ )
_____ )
_____ )
(Name of the defendant or defendants) )

CIVIL ACTION

NO.

08CV1518
JUDGE LEFKOW
MAGISTRATE JUDGE KEYS

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _LARRY ORUZA_ of the county of _COOK_ in the state of _ILLonois_.

3. The defendant is _Continental Airport Express_, whose street address is _1200 W. 35th Street_ (city) _Chicago_ (county) _COOK_ (state) _ILLonois_ (ZIP) _60609_ (Defendant's telephone number) _(773)-347-1200_

4. The plaintiff sought employment or was employed by the defendant at (street address) _1200 W. 35th St_ (city) _Chicago_ (county) _Cook_ (state) _ILLon_ (ZIP code) _60609_

5. The plaintiff [*check one box*]

(a) ☐ was denied employment by the defendant.

(b) ☐ was hired and is still employed by the defendant.

(c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) _02_ , (day) _07_ , (year) 20_06_.

7.**1**    *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff *[check one box]*   ☒ has ~~not~~ ┐ has    filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

(i)    ☐ the United States Equal Employment Opportunity Commission, on or about (month) _0 9_ (day) _06_ (year) _2006_

(ii)    ☐ the Illinois Department of Human Rights, on or about (month) _06_ (day) _12_ (year) _2006_.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached.  ☒ YES.    ☐ NO, **but plaintiff will file a copy of the charge within 14 days.** It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2    The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

☐    Yes (month)_____ (day)_____ (year) _____

☒    No, did not file Complaint of Employment Discrimination

2.    The plaintiff received a Final Agency Decision on (month) _2_____ (day) _29_ (year) _2008_.

c.    Attached is a copy of the

a.  Complaint of Employment Discrimination,

☒ YES    ☐ NO, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☒ YES    ☐ NO, but a copy will be filed within 14 days.

8.   *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a)☐ the United States Equal Employment Opportunity Commission has not issued a

*Notice of Right to Sue.*

(b)☒ the United States Equal Employment Opportunity Commission has issued a *Notice*

*of Right to Sue*, which was received by the plaintiff on (month) _12_

(day) _17_ (year) _2007_ a copy of which *Notice* is attached to this

complaint.

9.   The defendant discriminated against the plaintiff because of the plaintiff's [*check only those*
*that apply*]:

(a)☐ Age (Age Discrimination Employment Act).

(b)☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(c)☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d)☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e)☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f)☐ Religion (Title VII of the Civil Rights Act of 1964)

(g)☐ Sex (Title VII of the Civil Rights Act of 1964)

10.  If the defendant is a state, county, municipal (city, town or village) or other local
governmental agency, plaintiff further alleges discrimination on the basis of race, color, or
national origin (42 U.S.C. § 1983).  ✓

11.  Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims
by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981
and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation
Act, 29 U.S.C. § 791. ✗

12.  The defendant [*check only those that apply*]

(a)☐ failed to hire the plaintiff.

(b)☒ terminated the plaintiff's employment.

(c)☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _Plaintiff was terminated without just cause and warning by Manager after a non Supervisor threated to call police unreasonably. Also same employee named "Brad" abused plaintiff verbally in the presence of Customers on Jan 8th 2006 and Oct 15th 2005. (Complaint) was made by the customer to manager Feb 8 06._

13. The facts supporting the plaintiff's claim of discrimination are as follows:

_Plaintiff was discriminated against due to color and national origin by not getting equal no of trips as those who were white and arabic speaking as the Manager Suleiman Davadi. Also plaintiff experienced horrassments of abusive nature if customers were picked up late. Also, plaintiff was mocked upon by waiting for non existing trips at D-Lot or sent on fake trips without Customer_

14. [**AGE DISCRIMINATION ONLY**] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES    ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☒ Direct the defendant to re-employ the plaintiff.

(c) ☐ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐    Direct the defendant to (specify): _To pay lost wages_
_and authorize payment of workers_
_compensation denied by defendants_
_Insurance company. as retaliation_
_against plaintiff since Jan 20th 2006._

(g) ☒    If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒    Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

_L. Oruta_

(Plaintiff's name)

_LARRY ORUTA_

(Plaintiff's street address)

_7337 S. Shore Dr #412_

(City) _Chicago_ (State) _IL_ (ZIP) _60649_

(Plaintiff's telephone number) (_773_) – _326 7850_

Date: _3-13-08_

IN    THE    U S    DISTRICT    COURT

NORTHERN    DISTRICT    OF    ILLONOIS


LARRY  DRUTA

                    Plaintiff                    No:

     U S


CONTINENTAL  AIRPORT

EXPRESS

          Defedant


COMPLAINT  AT  LAW - US  DISTRICT

COURT  THE  RIGHT  To  SUE  CHURCH

BY  EEOC  Dec 17th 2007.


To

IN THE US DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS


INTRODUCTION


Plaintiff is a resident of Cook County
and resides in the city of chicago.
Plaintiff was hired by the defedant
Continental Airport Express, a corporation
doing business in Cook County, Illinois
on a contract in August 25th 2005.
Plaintiff worked as a shuttle driver
and picked up passangers from
chicago airporte,
to city - surbubian Hotels and
US navy base at Waukegan.
    Plaintiff worked for the
defedants all shifts and 7 days a week
until wrongfull termination by defedant on 1-9-06.

IN THE US DISTRICT COURT

OF NORTHERN DISTRICT OF ILLINOIS

CAUSE OF ACTION: DISCRIMINATION .

ON 42 USC TITLE VII OF HUMAN RIGHTS

ACT 1964 AND 1981

G. IL HMR ACT 735 5 (1-101

h) EEOC ₹ 2000 e-2(a) at workplace

is subject To constitutional tort

action That implies negligence,

recklessness and intentional conduct.

1) Monroe vs Page 365 US 167, 5LEd

2d 492, 81 SCT 473 (1961)

2) Walker vs metropolitan enterprise

the 519, US 202, 130, L Ed 644

117 SCT. 660 (1997 held That

employer has more than 15-20

Can be liable in alawsuit born

State and federal courts.

4

US DISTRICT COURT
OF NORTHERN DISTRICT OF ILLINOIS

Negligence has been held the act
as a requirement of a state of mind.

MC Douglas Corp vs Green is
411 US 792, 36 LED 2d 608, 93 SCT 1973,
a requirement in plaintiffs assertation
of discriminatatory practise by The
defedant. 42 USC § 2000 e2(k) is

Section 204 (a) of title VII allows
The plaintiff to seek relief on
merits of prima facia violation
based on MC Douglas Corp vs Green

Conclusion,
        Plaintiff has suffered irreparable
harm and injury after being wrongfully
been terminated and denied state
benefits for 2 1/4 years without any income.
Plaintiff has been denied state benefits by defedants

IN THE US DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Continental Airport Express despite
willingness by the plaintiff to resolve disputed
issue e.g return to employment, payment of state benefit
and lost wages Compensation. Exhibits will be
amended later. Respectively,

Larry Oruta

| CHARGE OF DISCRIMINATION<br>The Privacy Act of 1974 affects this form: See Privacy act statement before completing this form.<br><br>#06W0530.13 | AGENCY<br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br><br>2006CF3324 |
|---|---|---|

## Illinois Department of Human Rights and EEOC

| NAME (indicate Mr. Ms. Mrs.)<br>**Larry Oruta** | HOME TELEPHONE (include area code)<br>**(773) 706-2916** |
|---|---|

| STREET ADDRESS                CITY, STATE AND ZIP CODE<br>**3105 N. Ashland Avenue, Apt. #262 Chicago, Il 60657** | DATE OF BIRTH |
|---|---|

NAMED IS THE EMPOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME<br>**Continental Air Transport Company Incorporated** | NUMBER OF EMPLOYEES,<br>MEMBERS 15+ | TELEPHONE (Include area code)<br>**(773) 843-2310** |
|---|---|---|

| STREET ADDRESS<br>**1200 W. 35th Street** | CITY, STATE AND ZIP CODE<br>**Chicago, Il 60609** | COUNTY<br>**Cook** |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br><br>**NATIONAL ORIGIN   RACE** | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>**01/09/06**<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.  A.   ISSUE/BASIS
         UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT – JANAUARY 9, 2006, DUE TO MY NATIONAL ORIGIN, KENYA

    B.   PRIMA FACIE ALLEGATIONS
         1.  My national origin is Kenya.

         2.  Respondent was aware of my national origin.

         3.  My work performance as shuttle bus operator met Respondent's expectations. I was hired in August, 2005.

         4.  On January 9, 2006, I was subjected to unequal terms and conditions of employment by Suleiman Maradi (Palestine) Airport Manager, in that my commission rate was reduced from seventy percent to forty percent .

         5.  Similarly situated non-Kenya shuttle bus operators were not subjected to the same terms and conditions of employment.

(Continued)

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS<br><br>_____  6/12/06<br>NOTARY SIGNATURE          MONTH DATE-YEAR |
|---|---|

|  | X _____  6/12/06<br>SIGNATURE OF COMPLAINANT    DATE |
|---|---|

**"OFFICIAL SEAL"**
Krystal I. Rogers
Notary Public, State of Illinois
My Commission Expires Nov. 15, 2006

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

NOTARY SEAL

FORM 5 (5/05)

Complainant: Larry Oruca
Charge Number: 2006CF3324
Page 2


II.  A.  ISSUE/BASIS
    UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT
    JANAUARY 9, 2006, DUE TO MY RACE, BLACK

  B.  PRIMA FACIE ALLEGATIONS
      1.   My race is black.

      2.   My work performance as shuttle bus operator met Respondent's
           expectations. I was hired in August, 2005.

      3.   On January 9, 2006, I was subjected to unequal terms and conditions of
           employment by Suleiman Maradi (non-black) Airport Manager, in that my
           commission rate was reduced from seventy percent to forty percent .

      4.   Similarly situated non-black shuttle bus operators were not subjected to
           The same terms and conditions of employment.


III.  A.  ISSUE/BASIS
    DISCHARGE – JANUARY 9, 2006, DUE TO MY NATIONAL ORIGIN,
    KENYA

  B.  PRIMA FACIE ALLEGATIONS
      1. My national origin is Kenya.

      2.  Respondent was aware of my national origin.

      3.  My work performance as shuttle bus operator met Respondent's expectations.
          I was hired in August 2005.

      4.  On January 9, 2006, I was discharged by Suleiman Maradi (Palestine),
          Airport Manager. No reason was cited for the discharge.

      5.  My work performance was as good or better than similarly situated non-
          Kenya shuttle bus operators who were retained.

IV.  A.  ISSUE/BASIS
    DISCHARGE – JANUARY 9, 2006, DUE TO MY RECA, BLACK

  B.  PRIMA FACIE ALLEGATION
      1.   My race is black.

      2.   My work performance as shuttle bus operator met Respondent's
           expectations. I was hired in August 2005.

(Continued)

**Complainant: Larry Oruta**
**Charge Number: 2006CF3324**
**Page 3.**

3.   On January 9, 2006, I was discharged by Suleiman Maradi (non-black),
     Airport Manager. No reason was cited for the discharge.

4.   My work performance was as good or better than similarly situated non-
     black shuttle bus operators who were retained

**HMS/JJT/RCG**

EEOC Form 161 (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Larry Oruta**<br>**3105 N. Ashland Ave., #262**<br>**Chicago, IL 60657** | From: **Equal Employment Opportunity Commission**<br>**Chicago District Office**<br>**500 West Madison Street**<br>**Suite 2800**<br>**Chicago, Illinois 60661-2511** |
|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR § 1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2006-01966** | **Nola Smith, State & Local Coordinator** | **(312) 886-5973** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fall to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

DEC 17 2007

*John P. Rowe*

Enclosure(s)

**John P. Rowe, District Director**

*(Date Mailed)*

cc:    **Continental Air Transport Company, Incorporated**