IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY ORUTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 CV 1518 |
| ) | |
| CONTINENTAL AIRPORT EXPRESS, ) | Honorable Joan Humphrey Lefkow |
| ) | Magistrate Judge Keys |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., for its answer and affirmative defenses to Plaintiff's Complaint, states as follows:

**Answer**

1. This is an action for employment discrimination.

    Answer:    Admit.

2. The plaintiff is Larry Oruta of the county of Cook in the state of Illinois.

    Answer:    Defendant admits that the plaintiff is Larry Outa. Defendant is without sufficient information to admit or deny the remaining part of the allegation contained in paragraph 2.

3. The defendant is Continental Airport Express, whose street address is 1200 W. 35th Street, Chicago, Cook, Illinois 60609. (Defendant's telephone number is (773) – 247-1200.

    Answer:    Defendant's incorporated name is Continental Air Transport Co., Inc. and that it is authorized to do business under the assumed name Airport Express, Inc. Defendant admits the remaining allegations contained in paragraph 3.

4. The plaintiff sought employment or was employed by the defendant at 1200 W. 35th St., Chicago, Cook, Illinois 60609.

   <u>Answer</u>:    Admit.

5. The plaintiff was employed but is no longer employed by defendant.

   <u>Answer</u>:    Admit.

6. The defendant discriminated against plaintiff on or about, or beginning on or about, (month) 01, (day) 07, (year) 2006.

   <u>Answer</u>:    Defendant denies that it discriminated against Plaintiff at any time.

7.1 (a) The defendant is not a federal governmental agency, and the plaintiff has not [sic] filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following governmental agencies:

   (i) The United States Equal Employment Opportunity Commission, on or about (month) 09 (day) 06 (year) 2006.

   (ii) The Illinois Department of Human Rights, on or about (month) 06 (day) 12 (year) 2006.

   <u>Answer</u>:    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 7.1(a).

   (b) If charges were filed with an agency indicated above, a copy of the charge is attached. Yes [box marked "yes" is checked]. It is the policy of the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

   <u>Answer</u>:    Defendant admits that Plaintiff attached a charge filed with the Illinois Department of Human Rights. Defendant denies that any other charge is attached to the complaint. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 7.2(b) above.

2

7.2 The defendant is a federal government agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

    No, did not file Complaint of Employment Discrimination. [box marked "no" is checked]

    2. The plaintiff received a Final Agency Decision on (month) 2 (day) 29 (year) 2008.

    c. Attached is a copy of
        a. Complaint of Employment Discrimination, Yes [box marked "yes" is checked]

        (ii) Final Agency Decision, Yes [box marked "yes" is checked]

<u>Answer:</u> Defendant denies that it is a federal governmental agency and, therefore, denies the allegations contained under paragraph 7.2.

8. The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) 12 (day) 17 (year) 2007 a copy of which *Notice* is attached to the complaint.

<u>Answer:</u> Defendant admits that the Notice of Right to Sue issued by the United States Equal Employment Opportunity Commission issued is attached to Plaintiff's Complaint. Defendant is without sufficient knowledge to admit or deny the allegation regarding the date that Plaintiff received the Notice of Right to Sue.

9. The defendant discriminated against the plaintiff because of the plaintiff's

    (d) National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

<u>Answer:</u> Deny.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination of race, color or national origin (42 U.S.C. §1983).

    <u>Answer</u>: Defendant denies that it is a state, county, municipal or other local governmental agency. Defendant further denies that it discriminated against Plaintiff based upon his race, color or national origin.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. § 791.

    <u>Answer</u>: Defendant admits that this Court has jurisdiction pursuant to Plaintiff's Title VII claim. Defendant denies the remaining allegations contained in paragraph 11.

12. The defendant (b) terminated the plaintiff's employment; (f) failed to stop harassment; (g) retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above; and (h) other: Plaintiff was terminated without just cause and warning by manager after **[handwriting illegible]** supervisor threatened to call police unreasonably. Also some employee named "Brad" abused plaintiff verbally in the presence of customers on Jan 8th 2006 and Oct 15th 2005. Complaint was made by the customer to manager Nov 8th.

    <u>Answer</u>: Defendant admits that it terminated plaintiff's employment. Defendant denies the remaining allegations contained in paragraph 12.

13. The facts supporting the plaintiff's claim of discrimination are as follows: Plaintiff was discriminated against due to color and national origin by not getting equal no. of trips as those who were white and **[handwriting illegible]** speaking as the manger **[handwriting illegible]**. Also plaintiff experienced harassment of abusive nature if customers were picked up late. Also, plaintiff was mocked upon by working for non-existing trips at D-lot **[handwriting illegible]** or sent on fake trips without customers.

    <u>Answer</u>: Defendant denies that Plaintiff was discriminated in any manner and, specifically, denies the allegations contained in paragraph 13.

14. Not applicable because Plaintiff has not alleged age discrimination.

15. The plaintiff demands that the case be tried by a jury. [box marked "yes" checked]

    <u>Answer</u>: No response by Defendant is required to paragraph 15.

4

16. Therefore, the plaintiff asks that the court grant the following relief to the plaintiff: (b) Direct the defendant to re-employ the plaintiff; and (f) Direct the defendant to (specify): to pay lost wages and authorize payment of workers compensation denied by defendant's insurance company as retaliation against plaintiff since Jan. 20th 2006; (g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees; and (h) Grant such other relief as the Court may find appropriate.

<u>Answer</u>: Defendant denies that Plaintiff was discriminated against in any manner and, therefore, denies that Plaintiff is entitled to any relief including the relief sought in paragraph 16.

### **Affirmative Defense**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant avers that at all times relevant to this lawsuit it has acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

3. Any actions on the part of Defendant with respect to Plaintiff were based on legitimate and non-discriminatory factors unrelated to plaintiff's race or national origin.

4. This action is frivolous, unreasonable, unfounded and groundless, and, accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

5. Plaintiff's claims are barred in whole or in part by his failure to mitigate his alleged damages.

6. Any claim for punitive damages is barred because Plaintiff cannot prove that Defendant acted with malice or reckless indifference to Plaintiff's statutorily protected rights.

7. Plaintiff's alleged compensatory and punitive damages are limited by the statutory cap contained in Title VII.

8. Some or all of Plaintiff's claims are untimely.

9. The punitive damages claimed in Plaintiff's complaint are unconstitutional, in that, among other things, an award of such damages violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce, is a violation of the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States Constitution and under the Nevada constitution.

10. Defendant reserves the right to add additional affirmative defenses as they become more evident through discovery or investigation.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/ba/ Airport Express, Inc., respectfully requests that this Court enter judgment in its favor and against Plaintiff, Larry Oruta, and that the Defendant be awarded its attorneys' fees and costs in this action, and any other relief that the Court deems appropriate.

        CONTINENTAL AIR TRANSPORT CO.,
        INC. d/b/a AIRPORT EXPRESS, INC.,


        By:   s/ Kimberly A. Cloud
              One of its Attorneys

Martin K. LaPointe (ARDC #6195827)
Kimberly A. Cloud (ARDC #6278478)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 22nd Floor
Chicago, Illinois 60611
(312) 840-7000 (Telephone)
(312) 840-7900 (Facsimile)
470106