THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMEH ORUTA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1518 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| CONTINENTAL AIR TRANSPORT CO., INC., | ) | Magistrate Judge Keys |
| | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Plaintiff, LAMEH ORUTA (commonly known as "Larry Oruta" and referenced hereinafter as "Larry Oruta" or "Plaintiff"), by his counsel, Matthew J. Straub of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., for his Amended Complaint against Defendant, CONTINENTAL AIR TRANSPORT, CO., INC., states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, ("Title VII") 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Plaintiff seeks damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 as well as this Court's power to assert ancillary and pendant jurisdiction over the related state law claim.

### VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) in that the claim arose in this jurisdictional district.

**PARTIES**

4. Plaintiff, LARRY ORUTA, is black male who was born in Kenya, Africa.

5. He is a dual citizen of the Republic of Kenya and the United States of America and a resident of the State of Indiana.

6. Defendant, CONTINENTAL AIRPORT TRANSPORT CO., INC., is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.

**FACTS COMMON TO ALL COUNTS**

7. Plaintiff repeats and realleges paragraphs 1 through 7 above as paragraphs 1 through 7 of Fact Common To All Counts, as though fully set forth herein.

8. Defendant is a common carrier which operates and manages a fleet of vehicles devoted towards transporting customers going to Chicago O'Hare International Airport ("O'Hare") or Chicago Midway Airport ("Midway") from the Chicago metropolitan area or transporting customers departing from O'Hare and Midway to locations in the Chicago metropolitan area.

9. On or about September 1, 2005, Defendant hired Plaintiff as a driver to transport customers whose origination or destination locations fell outside the City of Chicago ("Suburban Route Driver").

10. Upon information and belief, the majority of Suburban Route Drivers who work for Defendant are of Palestinian descent.

11. Upon information and belief, the manager of the Suburban Route Drivers, Suleiman Duradi ("Manager Duradi"), is of Palestinian descent.

12. Dispatchers, stationed at the Defendant's facility, were responsible for assigning customers to a particular Suburban Route Driver.

13. During the course of his employment, Plaintiff performed to Defendant's reasonable expectations at any times material hereto, as exemplified by his high initial written test score and lack of formal discipline or written default notices issued to Plaintiff during his tenure of employment.

14. On occasion ticket booth managers at O'Hare or Midway would assign a Suburban Route Driver to a particular customer if the Suburban Route Driver happened to be in or near that particular airport.

15. A particular dispatcher employed by the Defendant, Brad Johnson, ("Dispatcher Johnson") a non-Kenyan, and another dispatcher, known only by his first name to Plaintiff: Mohammed, a non-Kenyan and non-African-American ("Dispatcher Mohammed"), routinely gave Palestinian Suburban Route Drivers a greater number of pick-ups and drop-offs than to Plaintiff.

16. During Plaintiff's employment, Defendant's non-African-American and/or non-Kenyan employees subjected Plaintiff to a course of hostile, abusive, and harassing treatment because of his race and national origin. Such treatment includes, but is not limited to:

   (a) Continuously subjecting Plaintiff to vulgar, expletive-laden criticisms, including times in which customers were present;

   (b) Falsely accusing Plaintiff of taking customers from other Suburban Route Drivers;

   (c) Intentionally directing Plaintiff to a location where a dispatcher knew that the customers had already been picked up; and

3

      (d)      Leasing Plaintiff a van that was in a state of disrepair, requiring regular maintenance.

17.      In one particular instance, after a dispute arose between Midway ticket booth manager, John McCarthy, reportedly the son of the president of Defendant, and Plaintiff. John McCarthy called Plaintiff a "nigger," "negro" and "African" during the confrontation.

18.      In an effort to protect other Palestinian Suburban Route Drivers, Manager Duradi also subjected Plaintiff to a higher level of criticism and supervision because of his race and national origin.

19.      Throughout his employment, Plaintiff reported his coworkers' and supervisors' abusive and hostile treatment through all available channels, including two managers at Defendant: Mike Zuniga and Nebjosa Muljovic, but Defendant took no action to rectify the racial and ethnic hostility which Plaintiff continued to endure.

20.      Plaintiff's supervisors witnessed and participated in some of the racial harassment and discrimination that Plaintiff endured.

21.      On January 9, 2006, a day after Dispatcher Johnson threatened to have Plaintiff arrested if he showed up at work, Manager Duradi terminated Plaintiff without any notice or opportunity to cure any defaults.

22.      Defendant has failed to address any of Plaintiff's issues of racial and national origin discrimination and harassment to the present day.

23.      On September 6, 2006, Plaintiff timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") Charge No. 2006CF3324.

24. On December 17, 2007, Plaintiff was issued a Notice of Right to Sue by the EEOC.

25. Plaintiff filed his complaint within ninety (90) days of receipt of the above-referenced Notice of Right to Sue.

26. Plaintiff has met all prerequisites required prior to filing suit.

## COUNT I –DISPARATE TREATMENT – TITLE VII

1-26. Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count I, as though fully set forth herein.

27. Plaintiff was denied equivalent treatment as compared to his Palestinian counterparts because of his race and national origin.

28. Plaintiff was targeted for false discipline because of his race and national origin.

29. Plaintiff was scrutinized to an extent not suffered by other Suburban Route Drivers.

30. Defendant treated Palestinian Suburban Route Drivers more favorably than Plaintiff because of race and national origin.

31. Plaintiff suffered the above discrimination at the hands of the Defendant, its supervisors and/or agents.

32. Plaintiff was discharged and suffered negative job actions based on false and pretextual grounds because of his race and national origin. Defendant's conduct was willfull.

33. Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and coworkers, disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Award compensatory damages against the Defendant;

B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C. Award punitive damages as allowed by law.

D. Award reasonable attorney's fees and costs of this suit.

E. Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT II – HOSTILE ENVIRONMENT – TITLE VII

1-26. Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count II, as though fully set forth herein.

27. Plaintiff was targeted for and suffered unwelcome harassment because of his race and national origin.

28. The harassment suffered by Plaintiff was severe, pervasive and altered the terms and conditions of his employment.

29. The harassment intensified over time until it became an almost daily occurrence.

30. The aforementioned acts and omissions of Defendant constitute intentional harassment against Plaintiff on the basis of his race and national origin and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of Title VII.

31. Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and coworkers,

disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Award compensatory damages against the Defendant;

B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C. Award punitive damages as allowed by law.

D. Award reasonable attorney's fees and costs of this suit.

E. Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT III – RETALIATION – TITLE VII

1-26. Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count III, as though fully set forth herein.

27. Plaintiff was disciplined and discharged from his employment because he availed himself of the guarantees and rights of Title VII. Defendant's conduct was willful and intended to harm Plaintiff.

28. Defendant's proffered reason for discharging Plaintiff is false, unsupported, and pretextual.

29. There exists a causal link between Plaintiff availing himself of his Title VII rights and his discharge.

30. Said discriminatory and unlawful termination is in direct violation of Title VII.

31. As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Award compensatory damages against the Defendant;

B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C. Award punitive damages as allowed by law.

D. Award reasonable attorney's fees and costs of this suit.

E. Such other relief as this Honorable Court deems just and proper under the circumstances.

**COUNT IV –DISPARATE TREATMENT – § 1981**

1-26. Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count IV, as though fully set forth herein.

27. Plaintiff was denied equivalent treatment as compared to his Palestinian counterparts because of his race and national origin in violation of 42 U.S.C. § 1981.

28. Plaintiff was targeted for false discipline because of his race and national origin.

29. Plaintiff was scrutinized to an extent not suffered by other Suburban Route Drivers.

30. Defendant treated Palestinian Suburban Route Drivers more favorably than Plaintiff because of race and national origin.

8

31. Plaintiff suffered the above discrimination at the hands of the Defendant, its supervisors and/or agents.

32. Plaintiff was discharged and suffered negative job actions based on false and pretextual grounds because of his race and national origin. Defendant's conduct was willful.

33. Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and coworkers, disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Award compensatory damages against the Defendant;

B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C. Award punitive damages as allowed by law.

D. Award reasonable attorney's fees and costs of this suit.

E. Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT V – HOSTILE ENVIRONMENT – § 1981

1-26. Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count V, as though fully set forth herein.

27. Plaintiff was targeted for and suffered unwelcome harassment because of his race and national origin.

28. The harassment suffered by Plaintiff was severe, pervasive and altered the terms and conditions of his contractual relationship.

29. The harassment intensified over time until it became an almost daily occurrence.

30. The aforementioned acts and omissions of Defendant constitute intentional harassment against Plaintiff on the basis of his race and national origin and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his contractual relationship in violation of 42 U.S.C. § 1981.

31. Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and coworkers, disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Award compensatory damages against the Defendant;

B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C. Award punitive damages as allowed by law.

D. Award reasonable attorney's fees and costs of this suit.

E. Such other relief as this Honorable Court deems just and proper under the circumstances.

### COUNT VI – RETALIATION – § 1981

1-26. Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count VI, as though fully set forth herein.

27. Plaintiff was disciplined and his contractual relationship terminated because he availed himself of the guarantees and rights of 42 U.S.C. § 1981. Defendant's conduct was willful and intended to harm Plaintiff.

28. Defendant's proffered reason for discharging Plaintiff is false, unsupported, and pretextual.

29. There exists a causal link between Plaintiff availing himself of his § 1981 rights and his discharge.

30. Said discriminatory and unlawful termination is in direct violation of 42 U.S.C. § 1981.

31. As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant the following relief:

A. Award compensatory damages against the Defendant;

B. Award the Plaintiff back pay, pre-judgment interest, lost benefits, reinstatement or front-pay, in an effort to make Plaintiff whole.

C. Award punitive damages as allowed by law.

D. Award reasonable attorney's fees and costs of this suit.

E. Such other relief as this Honorable Court deems just and proper under the circumstances.

## COUNT VII – BREACH OF CONTRACT

1-26. Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count VII, as though fully set forth herein.

27. As part of Plaintiff's employment, Plaintiff executed a document captioned, "Independent Owner-Operator Limited Agency and Lease Agreement" on or about September 1, 2005.

28. Pursuant to Article XIII(D), Plaintiff and Defendant agreed to the following in part:

> Independent Owner-Operator has ten (10) days after receipt from Continental of a written notice of default of any of its obligations under this Agreement and termination of this Agreement within which time to remedy any such default and to provide evidence thereof which is satisfactory to Continental in Continental's sole discretion.

29. Defendant provided no written notice of default to Plaintiff and provided Plaintiff no opportunity to cure any defaults.

30. Plaintiff performed its obligations under the Independent Owner-Operator Limited Agency and Lease Agreement.

31. Defendant materially breached the Independent Owner-Operator Limited Agency and Lease Agreement in each of the following manners:

    (a) failing to provide any written notice of default to Plaintiff;

    (b) failing to provide Plaintiff an opportunity to cure; and

    (c) failing to provide Plaintiff with an atmosphere free of harassment and discrimination.

32. Pursuant to these breaches, the Independent Owner-Operator Limited Agency and Lease Agreement was wrongfully terminated.

33.     As a result of Defendant's breach of the Independent Owner-Operator Limited Agency and Lease Agreement, Plaintiff has suffered monetary damages plus interest that has accrued to date at the rate of 5% per annum pursuant to the Interest Act (815 ILCS 205/2) and costs.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant the following relief:

A.     To enter judgment in favor of LAMEH ORUTA and against Defendant in an amount commensurate with the damages suffered by Plaintiff as a result of the breaches plus interest which has accrued at the rate of 5% per annum and thereafter through the date of judgment pursuant to the Interest Act plus costs; and

B.     To grant LAMEH ORUTA all other appropriate relief.

### JURY DEMAND

Plaintiff demands a trial by jury.

LAMEH ORUTA

By:    /s/ Matthew J. Straub
       One of his attorneys

Matthew J. Straub (#6273117)
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
Two First National Plaza, Twenty-Fifth Floor
20 South Clark Street
Chicago, Illinois 60603-1891
(312) 558-1220

Date: June 17, 2008

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 17th day of June, 2008, he electronically filed the foregoing **AMENDED COMPLAINT** with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

>Martin K. LaPointe
>Kimberly A. Cloud
>BURKE, WARREN, MACKAY & SERRITELLA, P.C.
>330 N. Wabash Avenue, 22nd Floor
>Chicago, IL 60611


/s/ Matthew J. Straub

6434090.1