IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY ORUTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 CV 1518 |
| ) | |
| CONTINENTAL AIRPORT EXPRESS, ) | Honorable Joan Humphrey Lefkow |
| ) | Magistrate Judge Keys |
| Defendant. ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., for its Answer and Affirmative Defenses to Plaintiff's Amended Complaint, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, ("Title VII") 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Plaintiff seeks damages to redress Defendant's discriminatory employment practices.

Answer: Defendant admits that Plaintiff's lawsuit alleges claims under Title VII of the Civil Rights Act of 1964. Defendant denies the remaining allegations contained in paragraph 1.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 as well as this Court's power to assert ancillary and pendant jurisdiction over the related state law claim.

Answer: The allegations contained in paragraph 2 consist of legal conclusions and not statements of fact and, therefore, no answer is required of Defendant.

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) in that the claim arose in this jurisdictional district.

Answer: The allegations contained in paragraph 3 consist of legal conclusions and not statements of fact and, therefore, no answer is required of Defendant.

## PARTIES

4. Plaintiff, Larry Oruta, is black male who was born in Kenya, Africa.

Answer: Upon information and belief, Defendant admits that Plaintiff is a "black male." Defendant is without sufficient knowledge to admit or deny the allegation that Plaintiff was born in Kenya, Africa.

5. He is a dual citizen of the Republic of Kenya and the United States of America and a resident of the State of Indiana.

Answer: Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 5.

6. Defendant, Continental Airport Transport Co., Inc., is a corporation properly recognized and sanctioned by the laws of the State of Illinois. At all relevant times hereto, Defendant conducts, and continues to conduct, business in the State of Illinois.

Answer: Defendant admits the allegations contained in paragraph of 6.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff repeats and realleges paragraphs 1 through 7 [sic] above as paragraphs 1 through 7 [sic] of Facts Common To All Counts, as though fully set forth herein.

Answer: Defendant incorporates herein by reference its answers to paragraphs 1-6, above, as though fully set forth as its answer to paragraph 7.

8. Defendant is a common carrier which operates and manages a fleet of vehicles devoted towards transporting customers going to Chicago O'Hare International Airport ("O'Hare") or Chicago Midway Airport ("Midway") from the Chicago metropolitan area or transporting customers departing from O'Hare and Midway to locations in the Chicago metropolitan area.

Answer:   Defendant admits the allegations contained in paragraph 8.

9. On or about September 1, 2005, Defendant hired Plaintiff as a driver to transport customers whose origination or destination locations fell outside the City of Chicago ("Suburban Route Driver").

Answer:   Defendant denies the allegations contained in paragraph 9.

10. Upon information and belief, the majority of Suburban Route Drivers who work for Defendant are of Palestinian descent.

Answer:   Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 10.

11. Upon information and belief, the manager of the Suburban Route Drivers, Suleiman Duradi ("Manager Duradi"), is a Palestinian descent.

Answer:   Upon information and belief, Defendant admits the allegations contained in paragraph 11.

12. Dispatchers, stationed at the Defendant's facility, were responsible for assigning customers to a particular Suburban Route Driver.

Answer:   Defendant admits the allegations contained in paragraph 12.

13. During the course of his employment, Plaintiff performed to Defendant's reasonable expectations at any times material hereto, as exemplified by his high initial written test score and lack of formal discipline or written default notices issues to Plaintiff during his tenure of employment.

Answer:   Defendant denies the allegations contained in paragraph 13.

14. On occasion ticket booth managers at O'Hare or Midway would assign a Suburban Route Driver to a particular customer if the Suburban Route Driver happened to be in or near that particular airport.

Answer:   Defendant admits the allegations contained in paragraph 14.

15. A particular dispatcher employed by the Defendant, Brad Johnson, ("Dispatcher Johnson") a non-Kenyan, and another dispatcher, known only by his first name to Plaintiff: Mohammed, a non-Kenyan and non-African-American ("Dispatcher Mohammed"), routinely gave Palestinian Suburban Route Drivers a greater number of pick-ups and drop-offs than to Plaintiff.

Answer:   Defendant denies the allegations contained in paragraph 15.

16. During Plaintiff's employment, Defendant's non-African-American and/or non-Kenyan employees subjected Plaintiff to a course of hostile, abusive, and harassing treatment because of his race and national origin. Such treatment includes, but is not limited to:

a. Continuously subjecting Plaintiff to vulgar, expletive-laden criticisms, including times in which customers were present;

b. Falsely accusing Plaintiff of taking customers from other Suburban Route Drivers;

c. Intentionally directing Plaintiff to a location where a dispatcher knew that the customers had already been picked up; and

d. Leasing Plaintiff a van that was in a state of disrepair, requiring regular maintenance.

Answer:   Defendant denies the allegations contained in paragraph 16.

17. In one particular instance, after a dispute arose between Midway ticket booth manager, John McCarthy, reportedly the son of the president of Defendant, and Plaintiff. **[sic]** John McCarthy called Plaintiff a "nigger," "negro" and "African" during the confrontation.

Answer:   Defendant denies the allegations contained in paragraph 17.

18. In an effort to protect other Palestinian Suburban Route Drivers, Manager Duradi also subjected Plaintiff to a higher level of criticism and supervision because of his race and national origin.

Answer:   Defendant denies the allegations contained in paragraph 18.

19. Throughout his employment, Plaintiff reported his coworkers' and supervisors' abusive and hostile treatment through all available channels, including two managers at Defendant: Mike Zuniga and Nebjosa Muljovic, but Defendant took no action to rectify the racial and ethnic hostility which Plaintiff continued to endure.

Answer:   Defendant denies the allegations contained in paragraph 19.

20. Plaintiff's supervisors witnessed and participated in some of the racial harassment and discrimination that Plaintiff endured.

Answer:   Defendant denies the allegations contained in paragraph 20.

21.     On January 9, 2006, a day after Dispatcher Johnson threatened to have Plaintiff arrested if he showed up at work, Manager Duradi terminated Plaintiff without any notice or opportunity to cure any defaults.

Answer:     Defendant denies the allegations contained in paragraph 21.

22.     Defendant has failed to address any of Plaintiff's issues of racial and national origin discrimination and harassment to the present day.

Answer:     Defendant denies the allegations contained in paragraph 22.

23.     On September 6, 2006, Plaintiff timely filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") Charge No. 2006CF3324.

Answer:     Upon information and belief, Defendant admits the allegations contained in paragraph 23.

24.     On December 17, 2007, Plaintiff was issued a Notice of Right to Sue by the EEOC.

Answer:     Upon information and belief, Defendant admits the allegations contained in paragraph 24.

25.     Plaintiff filed his complaint within ninety (90) days of receipt of the above-referenced Notice of Right to Sue.

Answer:     Upon information and belief, Defendant admits the allegations contained in paragraph 25.

26.     Plaintiff has met all prerequisites required prior to filing suit.

Answer:     The allegations contained in paragraph 26 contains legal conclusions and not statements of fact and, therefore, no answer is required.

### COUNT I -DISPARATE TREATMENT - TITLE VII

1-26.    Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count I, as though fully set forth herein.

<u>Answer</u>: Defendant incorporates herein by reference its answers to paragraphs 1-26, above, as though fully restated under Count I.

27. Plaintiff was denied equivalent treatment as compared to his Palestinian counterparts because of his race and national origin.

<u>Answer</u>: Defendant denies the allegations contained in paragraph 27.

28. Plaintiff was targeted for false discipline because of his race and national origin.

<u>Answer</u>: Defendant denies the allegations contained in paragraph 28.

29. Plaintiff was scrutinized to an extent not suffered by other Suburban Route Drivers.

<u>Answer</u>: Defendant denies the allegations contained in paragraph 29.

30. Defendant treated Palestinian Suburban Route Drivers more favorably than Plaintiff because of race and national origin.

<u>Answer</u>: Defendant denies the allegations contained in paragraph 30.

31. Plaintiff suffered the above discrimination at the hands of the Defendant, its supervisors and/or agents.

<u>Answer</u>: Defendant denies the allegations contained in paragraph 31.

32. Plaintiff was discharged and suffered negative job actions based on false and pretextual grounds because of his race and national origin. Defendant's conduct was willful.

<u>Answer</u>: Defendant denies the allegations contained in paragraph 32.

33. Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and coworkers, disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

<u>Answer</u>: Defendant denies the allegations contained in paragraph 33.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., respectfully requests that the Court enter judgment in its favor and against Plaintiff on

Count I of the Amended Complaint and award reasonable attorneys' fees and costs to it, and for all other relief this Court deems appropriate.

### COUNT II - HOSTILE ENVIRONMENT - TITLE VII

1-26.   Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count II, as though fully set forth herein.

Answer:   Defendant incorporates herein by reference its answers to paragraphs 1-26, above, as though fully restated under Count II.

27.   Plaintiff was targeted for and suffered unwelcome harassment because of his race and national origin.

Answer:   Defendant denies the allegations contained in paragraph 27.

28.   The harassment suffered by Plaintiff was severe, pervasive and altered the terms and conditions of his employment.

Answer:   Defendant denies the allegations contained in paragraph 28.

29.   The harassment intensified overtime until it became an almost daily occurrence.

Answer:   Defendant denies the allegations contained in paragraph 29.

30.   The aforementioned acts and omissions of Defendant constitute intentional harassment against Plaintiff on the basis of his race and national origin and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of Title VII.

Answer:   Defendant denies the allegations contained in paragraph 30.

31.   Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and coworkers, disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

Answer:   Defendant denies the allegations contained in paragraph 31.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., respectfully requests that the Court enter judgment in its favor and against Plaintiff on

Count II of the Amended Complaint and award reasonable attorneys' fees and costs to it, and for all other relief this Court deems appropriate.

### COUNT III- RETALIATION - TITLE VII

1-26.  Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count III, as though fully set forth herein.

Answer:  Defendant incorporates herein by reference its answers to paragraphs 1-26, above, as though fully restated under Count III.

27.  Plaintiff was disciplined and discharged from his employment because he availed himself of the guarantees and rights of Title VII. Defendant's conduct was willful and intended to harm Plaintiff.

Answer:  Defendant denies the allegations contained in paragraph 27.

28.  Defendant's proffered reason for discharging Plaintiff is false, unsupported, and pretextual.

Answer:  Defendant denies the allegations contained in paragraph 28.

29.  There exists a causal link between Plaintiff availing himself of his Title VII rights and his discharge.

Answer:  Defendant denies the allegations contained in paragraph 29.

30.  Said discriminatory and unlawful termination is in direct violation of Title VII.

Answer:  Defendant denies the allegations contained in paragraph 30.

31.  As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

Answer:  Defendant denies the allegations contained in paragraph 31.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., respectfully requests that the Court enter judgment in its favor and against Plaintiff on

Count III of the Amended Complaint and award reasonable attorneys' fees and costs to it, and for all other relief this Court deems appropriate.

### COUNT IV -DISPARATE TREATMENT - § 1981

1-26.    Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count IV, as though fully set forth herein.

Answer:    Defendant incorporates herein by reference its answers to paragraphs 1-26, above, as though fully restated under Count IV.

27.    Plaintiff was denied equivalent treatment as compared to his Palestinian counterparts because of his race and national origin in violation of 42 U.S.C. § 1981.

Answer:    Defendant denies the allegations contained in paragraph 27.

28.    Plaintiff was targeted for false discipline because of his race and national origin.

Answer:    Defendant denies the allegations contained in paragraph 28.

29.    Plaintiff was scrutinized to an extent not suffered by other Suburban Route Drivers.

Answer:    Defendant denies the allegations contained in paragraph 29.

30.    Defendant treated Palestinian Suburban Route Drivers more favorably than Plaintiff because of race and national origin.

Answer:    Defendant denies the allegations contained in paragraph 30.

31.    Plaintiff suffered the above discrimination at the hands of the Defendant, its supervisors and/or agents.

Answer:    Defendant denies the allegations contained in paragraph 31.

32.    Plaintiff was discharged and suffered negative job actions based on false and pretextual grounds because of his race and national origin. Defendant's conduct was willful.

Answer:    Defendant denies the allegations contained in paragraph 32.

33.    Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and coworkers, disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

Answer:    Defendant denies the allegations contained in paragraph 33.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., respectfully requests that the Court enter judgment in its favor and against Plaintiff on Count IV of the Amended Complaint and award reasonable attorneys' fees and costs to it, and for all other relief this Court deems appropriate.

### COUNT V - HOSTILE ENVIRONMENT - § 1981

1-26.    Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count V, as though fully set forth herein.

Answer:    Defendant incorporates herein by reference its answers to paragraphs 1-26, above, as though fully restated under Count V.

27.    Plaintiff was targeted for and suffered unwelcome harassment because of his race and national origin.

Answer:    Defendant denies the allegations contained in paragraph 27.

28.    The harassment suffered by Plaintiff was severe, pervasive and altered the terms and conditions of his contractual relationship.

Answer:    Defendant denies the allegations contained in paragraph 28.

29.    The harassment intensified over time until it became an almost daily occurrence.

Answer:    Defendant denies the allegations contained in paragraph 29.

30.    The aforementioned acts and omissions of Defendant constitute intentional harassment against Plaintiff on the basis of his race and national origin and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his contractual relationship in violation of 42 U.S.C. § 1981.

Answer:    Defendant denies the allegations contained in paragraph 30.

31.    Defendant's actions have caused Plaintiff to suffer harm and injury to his good reputation, extreme mental anguish. Painful embarrassment among his friends and coworkers, disruption of his personal life, lost wages, income, benefits, opportunity for advancement and the loss and enjoyment of the ordinary pleasures of everyday life.

<u>Answer</u>:   Defendant denies the allegations contained in paragraph 31.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., respectfully requests that the Court enter judgment in its favor and against Plaintiff on Count V of the Amended Complaint and award reasonable attorneys' fees and costs to it, and for all other relief this Court deems appropriate.

## COUNT VI - RETALIATION - § 1981

1-26.   Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count VI, as though fully set forth herein.

<u>Answer</u>:   Defendant incorporates herein by reference its answers to paragraphs 1-26, above, as though fully restated under Count VI.

27.   Plaintiff was disciplined and his contractual relationship terminated because he availed himself of the guarantees and rights of 42 U.S.C. § 1981. Defendant's conduct was willful and intended to harm Plaintiff.

<u>Answer</u>:   Defendant denies the allegations contained in paragraph 27.

28.   Defendant's proffered reason for discharging Plaintiff is false, unsupported, and pretextual.

<u>Answer</u>:   Defendant denies the allegations contained in paragraph 28.

29.   There exists a causal link between Plaintiff availing himself of his § 1981 rights and his discharge.

<u>Answer</u>:   Defendant denies the allegations contained in paragraph 29.

30.   Said discriminatory and unlawful termination is in direct violation of 42 U.S.C § 1981.

<u>Answer</u>:   Defendant denies the allegations contained in paragraph 30.

31.   As a result of Defendant's actions Plaintiff has suffered harm and injury, damage to his good reputation, extreme mental anguish, painful embarrassment among his friends and co-workers, disruption of his personal life, financial injury, lost benefits, lost wages and the loss of enjoyment of the ordinary pleasures of everyday life.

<u>Answer</u>:   Defendant denies the allegations contained in paragraph 31.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., respectfully requests that the Court enter judgment in its favor and against Plaintiff on Count VI of the Amended Complaint and award reasonable attorneys' fees and costs to it, and for all other relief this Court deems appropriate.

### COUNT VII - BREACH OF CONTRACT

1-26.　Plaintiff repeats and realleges paragraphs 1 through 26 of the Facts Common To All Counts as paragraphs 1 through 26 of this Count VII, as though fully set forth herein.

Answer:　Defendant incorporates herein by reference its answers to paragraphs 1-26, above, as though fully restated under Count VII.

27.　As part of Plaintiff's employment, Plaintiff executed a document captioned, "Independent Owner-Operator Limited Agency and Lease Agreement" on or about September 1, 2005.

Answer:　Defendant admits that Plaintiff entered into an "Independent Owner-Operator Limited Agency and Lease Agreement" dated September 1, 2005 with it but denies that Plaintiff was ever its employee or that the Agreement was part of "Plaintiff's employment."

28.　Pursuant to Article XIII(D), Plaintiff and Defendant agreed to the following in part:

> Independent Owner-Operator has ten (10) days after receipt from Continental of a written notice of default of any of its obligations under this Agreement and termination of this Agreement within which time to remedy any such default and to provide evidence thereof which is satisfactory to Continental in Continental's sole discretion.

Answer:　Defendant admits that the language quoted in paragraph 28 is contained within Article XIII(D) of the Independent Owner-Operator Limited Agency and Lease Agreement.

29.　Defendant provided no written notice of default to Plaintiff and provided Plaintiff no opportunity to cure any defaults.

Answer:　Defendant denies the allegations contained in paragraph 29.

30. Plaintiff performed its obligations under the Independent Owner-Operator Limited Agency and Lease Agreement.

Answer: Defendant denies the allegations contained in paragraph 30.

31. Defendant materially breached the Independent Owner-Operator Limited Agency and Lease Agreement in each of the following manners:

(a) failing to provide any written notice of default to Plaintiff;
(b) failing to provide Plaintiff an opportunity to cure; and
(c) failing to provide Plaintiff with an atmosphere free of harassment and discrimination.

Answer: Defendant denies the allegations contained in paragraph 31.

32. Pursuant to these breaches, the Independent Owner-Operator Limited Agency and Lease Agreement was wrongfully terminated.

Answer: Defendant denies the allegations contained in paragraph 32.

33. As a result of Defendant's breach of the Independent Owner-Operator Limited Agency and Lease Agreement, Plaintiff has suffered monetary damages plus interest that has accrued to date at the rate of 5% per annum pursuant to the Interest Act (815 ILCS 205/2) and costs.

Answer: Defendant denies the allegations contained in paragraph 33.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/b/a Airport Express, Inc., respectfully requests that the Court enter judgment in its favor and against Plaintiff on Count VII of the Amended Complaint and award reasonable attorneys' fees and costs to it, and for all other relief this Court deems appropriate.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant, Continental Air Transport, Inc. d/b/a Airport Express, Inc. ("Defendant"), by its attorneys Burke, Warren, MacKay & Serritella, P.C., for its affirmative defenses to Plaintiff's Amended Complaint, states as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Defendant avers that at all times relevant to this lawsuit it has acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

3. Plaintiff did not engage in any activity protected under Title VII or Section 1981.

4. There is no causal connection between any protected activity and any adverse action taken against Plaintiff.

5. Plaintiff cannot establish that he suffered harassment due to his race and national origin which was so severe and pervasive that it altered the terms and conditions of his work environment.

6. Any actions on the part of Defendant with respect to Plaintiff were based on legitimate and non-discriminatory factors unrelated to plaintiff's race or national origin.

7. This action is frivolous, unreasonable, unfounded and groundless, and, accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

8. Plaintiff's claims are barred in whole or in part by his failure to mitigate his alleged damages.

9. Any claim for punitive damages is barred because Plaintiff cannot prove that Defendant acted with malice or reckless indifference to Plaintiff's statutorily protected rights.

10. Plaintiff's alleged compensatory and punitive damages are limited by the statutory cap contained in Title VII.

11. Some or all of Plaintiff's claims are untimely.

12. The punitive damages claimed in Plaintiff's complaint are unconstitutional, in that, among other things, an award of such damages violates the equal protection clause, violates

the due process clause, is an undue burden on interstate commerce, is a violation of the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States Constitution and under the Illinois constitution.

13. Defendant reserves the right to add additional affirmative defenses as they become more evident through discovery or investigation.

WHEREFORE, Defendant, Continental Air Transport Co., Inc. d/b/a/ Airport Express, Inc., respectfully requests that this Court enter judgment in its favor and against Plaintiff, Larry Oruta, on all counts of the Amended Complaint and that the Defendant be awarded its attorneys' fees and costs in this action, and any other relief that the Court deems appropriate.

CONTINENTAL AIR TRANSPORT CO.,
INC. d/b/a AIRPORT EXPRESS, INC.,


By:   s/ Kimberly A. Cloud
        One of its Attorneys


Martin K. LaPointe (ARDC #6195827)
Kimberly A. Cloud (ARDC #6278478)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 22nd Floor
Chicago, Illinois 60611
(312) 840-7000 (Telephone)
(312) 840-7900 (Facsimile)
473950